IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:18-cr-8-MW-GRJ

RANCE JAMES SHANNON
_____/

# REPORT AND RECOMMENDATION

On this date, the Defendant, RANCE JAMES SHANNON, his attorney, and the attorney for the Government appeared before the undersigned for the purpose of considering Defendant's entry of a guilty plea to (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), as charged in Count One of the Indictment; (2) possession of a firearm in furtherance of drug trafficking crime (charged in Count One of the Indictment), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(i), as charged in Count Two of the Indictment; and (3) possession of a firearm by a conviction felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in Count Three of the Indictment. The district judge referred this matter to the undersigned for purposes of hearing Defendant's proposed change of plea pursuant to Fed. R. Crim. P. 11 and to enter a report and recommendation

as to whether to accept the change of plea. All parties consented to this procedure, and the written consent has been entered.

The Court addressed Defendant personally in open court, and after assuring that Defendant was competent to proceed and had consented to pleading guilty, the Court finds:

1. Defendant is mentally alert, appears to be reasonably intelligent, and understands the nature of the charges as to which the plea is offered and the consequences of a guilty plea.

2. Defendant understands that he has a right to trial by jury, to persist in his plea of not guilty, to assistance of counsel at trial, to confront and cross-examine adverse witnesses, and that he has a right against compelled self-incrimination.

3. Defendant understands the maximum possible sentence he faces if the guilty plea is accepted, including the effect of the supervised release term, and understands that the sentencing guidelines apply and that the court may depart from those guidelines under some circumstances.

4. The plea of guilty by the Defendant has been freely, knowingly, and voluntarily made and is not the result of force or threats or of any promises except for those promises contained in the written plea

agreement between the parties.

5. Defendant is competent to plead guilty.

6. Defendant understands that his answers during the plea colloquy, which were under oath, may be later used against him in a prosecution for perjury or false statement.

7. There is a factual basis for Defendant's guilty plea.

8. There is a plea agreement which should be accepted by the district court. Defendant understands the terms of the plea agreement.

9. Defendant has made his decision to plead guilty with the advice and counsel of a competent attorney with whom Defendant acknowledged he was satisfied.

10. Defendant has voluntarily consented to go forward with his plea of guilty before the undersigned. He understands that he has waived the ten-day period for filing objections to this report and recommendation, and he agrees that he has twenty-four hours from receipt of a copy of this report and recommendation in which to file written objections, if any. The United States also consents to this procedure, including the shorter period for objections.

Accordingly, it is **RECOMMENDED** that the Court **ACCEPT** the plea

agreement and Defendant's plea of guilty.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of May 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 24 hours after receiving a copy of this report and recommendation.**